IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAROL THERESA SMITH, | ) | CIV-S-03-2570 GEB KJM |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF SAN JOAQUIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants County of San Joaquin and San Joaquin County Sheriff's Department (hereinafter referenced together as "the County")[1]; Sheriff Baxter Dunn; Sergeant William Dorcey; and Deputy Van Grouw move for summary judgment on Plaintiff's claims against them under 42 U.S.C. § 1983 for excessive force and unreasonable searches and seizures.  Plaintiff opposes the motion.[2]

---

[1] Although the County of San Joaquin and the San Joaquin County Sheriff's Department are named separately in Plaintiff's Complaint, the Sheriff's Department is a department of the County of San Joaquin.

[2] "The standards applicable to motions for summary judgment are well known, see, e.g., Rodgers v. County of Yolo, 889 F. Supp. 1284 (E.D. Cal. 1995), and need not be repeated here." Reitter v. City of Sacramento, 87 F. Supp. 2d 1040, 1042 (E.D. Cal. 2000).

1 <u>DISCUSSION</u>

2 I. <u>The County</u>

3   The County contends Plaintiff cannot prevail on her § 1983 claim against it because she cannot "establish that she experienced a depravation of her constitutional rights and that particular conduct was intended to implement or execute a policy, statement, ordinance, regulation or decision officially adopted and promulgated by the County." (Defs.' Mot. for Summ. J. at 3-4.) The County may only be liable under § 1983 when "execution of a government's policy or custom . . . inflicts the injury." <u>Monell v. Department of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 694 (1978). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996). To succeed on her <u>Monell</u> claims, Plaintiff must show that either (1) "the [County] acted with 'the state of mind required to prove the underlying violation,'" or (2) "the [County]'s deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1185, 1186 (9th Cir. 2002) (citations omitted).

  Plaintiff makes a conclusory allegation that the County has a "custom and practice" of excessive force, unlawful arrests, and unreasonable searches and seizures. (First Amended Complaint ("FAC") ¶ 26.) However, Plaintiff has failed to present specific facts supporting this conclusory allegation. Therefore, summary judgment is granted in favor of the County.

II.  Sheriff Dunn

Plaintiff's allegations in the FAC state in a conclusory manner that Sheriff Dunn is liable in his supervisory capacity for all of Plaintiff's claims.  (FAC ¶ 25.)  Sheriff Dunn counters that "[P]laintiff has developed no evidence of any kind whatsoever that Dunn has any individual supervisory liability."  (Defs.' Reply to Pl.'s Opp'n at 3.)  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  "A supervisor may be liable [in his individual capacity] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Id. at 646.  A supervisor may be liable if he "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

"Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim."  Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991).  Since

1  Defendants have pointed to an absence of evidence showing that Sheriff
2  Dunn was personally involved in Plaintiff's arrest or had knowledge of
3  the acts leading to Plaintiff's alleged injury, Sheriff Dunn's motion
4  for summary judgment is granted.

III.  Sergeant Dorcey[3] and Deputy Van Grouw ("The Officers")

The officers argue "[t]here was probable cause to arrest [Plaintiff] for violating California Penal Code Sections 148 and 647(f) and that she was not subjected to an excessive use of force." (Defs.' Mot. for Summ. J. at 4.)  Alternatively, the officers argue their conduct "was reasonable in light of the current state of the law and therefore [they are] entitled to qualified immunity."  (Id.)

A.  Arrest Without Probable Cause

"[P]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime."  Peng v. Penghu, 335 F.3d 970, 976 (9th Cir. 2003).  Plaintiff was arrested under California Penal Code section 148 ("§ 148") and California Penal Code section 647(f) ("§ 647(f)"). (Defs.' Sep. Statement of Undisputed Material Facts ("SUF") at ¶ 13; Pl.'s Response to Defs.' SUF at ¶ 13.)  Deputy Van Grouw was one of the arresting officers who handcuffed Plaintiff.  (Pl.'s Separate Statement of Disputed Facts ("SDF") ¶ 15.)  Under summary judgment jurisprudence, Sergeant Dorcey is also treated as an arresting officer

---

[3]  Plaintiff claims that Sergeant Dorcey is liable in his individual capacity based on both direct liability and supervisory liability. (FAC ¶¶ 24, 25.) However, since there is a genuine issue of material fact as to whether Sergeant Dorcey is directly liable for Plaintiff's unlawful arrest and excessive force, the issue of Sergeant Dorcey's supervisory liability need not be reached in this Order.

4

1  since Plaintiff declares he directed the deputies at the scene to
2  arrest her and informed her of her arrest.  (Id. ¶¶ 13, 14, 23, 24.)
3  An officer may face personal liability for an unlawful arrest even
4  though he did not physically arrest the individual if the officer gave
5  "authoritative commands constituting the arrest."  Nesmith v. Alford,
6  318 F.2d 110, 119 (5th Cir. 1963); accord Grandstaff v. City of
7  Borger, Tex., 767 F.2d 161 (5th Cir. 1985).
8         The officers assert they had probable cause to arrest
9  Plaintiff for a violation of § 148, which prohibits willfully
10 resisting, delaying, or obstructing a peace officer engaged in the
11 performance of his or her duties, because Plaintiff's presence at the
12 scene impeded the investigation of the officers.  (SUF ¶ 12.)  The
13 officers aver that Plaintiff was asked numerous times to leave the
14 scene of the criminal investigation they were conducting but Plaintiff
15 refused to do so and became rude and verbally abusive with the
16 officers. (Id. ¶¶ 6, 7.)  The officers also aver that Plaintiff was
17 asked numerous times to produce identification but only produced a
18 California Department of Corrections identification card and refused
19 to produce identification that included her date of birth.  (Id. ¶¶ 8,
20 9.)  However, Plaintiff stated in her deposition that she did not
21 interfere with peace officers and "was not abusive, belligerent,
22 obstreperous, or uncooperative."   (SDF ¶ 18.)
23         The officers also assert they had probable cause to arrest
24 Plaintiff for a violation of § 647(f), which prescribes that it is a
25 misdemeanor for a person to be "found in any public place under the
26 influence of intoxicating liquor [or] any drug . . . in a condition
27 that he or she is unable to exercise care for his or her own safety or
28 the safety of others, or . . . interferes with or obstructs or

prevents the free use of any street, sidewalk, or other public way." Cal. Penal Code § 647(f). The officers assert that Plaintiff became rude, vulgar, and verbally abusive with the deputies on the scene and appeared to be under the influence of alcohol or some other intoxicating substance. (SUF ¶¶ 10, 11.) However, Plaintiff avers she was not drunk, stating that she consumed only two glasses of champagne several hours before her arrest. (SDF ¶ 1.) Furthermore, Deputy Ford, another arresting officer on the scene, avers that he does not know whether he would have arrested Plaintiff for a violation of § 647(f) if he was not directed to do so by Sergeant Dorcey. (Id. ¶ 33.)

A court must "construe all reasonable inferences in favor of the non-moving party." KRL v. Moore, 384 F.3d 1105, 1110 (9th Cir. 2004) (citing Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992)). Drawing reasonable inferences from Plaintiff's averments reveals the existence of genuine issues of fact as to whether the officers had probable cause to arrest Plaintiff for violating §§ 148 and 647(f).

Alternatively, the officers assert they are qualifiedly immune from Plaintiff's unlawful arrest claims. (Defs.' Mot. for Summ. J. at 4.) The determination of whether qualified immunity applies is a two-part inquiry. Saucier v. Katz, 533 U.S. 194, 201 (2001). First, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. If a violation of a constitutional right has been adequately alleged, then the question is whether the right was clearly established. Id. at 201-02. A right is "clearly established" if "it would be clear to a reasonable officer

6

that his conduct was unlawful in the situation he confronted." Id. at 201-02. "Whether a right is 'clearly established' for purposes of qualified immunity is an inquiry that 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' . . . In other words, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Graves v. City of Coeur D'Alene, 339 F.3d 828, 846 (9th Cir. 2003) (citing Saucier, 533 U.S. at 201).

Since genuine issues of material fact exists as to whether the officers violated Plaintiff's right to be free from unlawful arrest, the inquiry is whether Plaintiff's Fourth Amendment right proscribing the unlawful arrest she declares she suffered was clearly established so that it would have been clear to a reasonable officer that the officers' conduct was unlawful in the situation they confronted. It is recognized that officers who "correctly perceive all of the relevant facts but have a mistaken understanding as to whether [the arrest based on those relevant facts] is legal in those circumstance[s] [are] entitled to the immunity defense." Id. (citing Saucier, 533 U.S. at 205). However, since a conflict exists between the parties' respective versions of what happened that led to Plaintiff's arrest, summary judgment jurisprudence requires Plaintiff's version to be credited as accurate. Therefore, a genuine issue of material fact exists as to whether the officers are qualifiedly immune from liability on Plaintiff's unlawful arrest claim. Accordingly, the officers' motion for summary judgment on Plaintiff's unlawful arrest claim is denied.

B.  Excessive Force

The officers argue that "the force used to arrest [Plaintiff] was reasonable in light of the facts and circumstances confronting the arresting officers."  (Defs.' Mot. for Summ. J. at 11.)  Whether a particular use of force was reasonable is judged from the perspective of a reasonable officer on the scene based upon "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  Graham v. Connor, 490 U.S. 386, 396 (1989).  In Graham, the Supreme Court enumerated factors for assessing "the amount of force that is necessary in a particular situation," which include: "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether the suspect actively resist[ed] arrest or attempt[ed] to evade arrest by flight."  Id. at 396-97.

Plaintiff avers that "Deputy Van Grouw grabbed [her] arms, handcuffed [her] behind her back and lifted her off the ground by the handcuffs," thereby causing a complete tear of her rotator cuff.  (SDF ¶¶ 15, 20.)  Plaintiff further avers she did not fight the police or otherwise resist arrest and that Deputy Van Grouw was "real aggressive [and] forceful[ly]" twisted her arm while "dragg[ing] her off the ground" toward the police vehicle with her hands behind her.  (Id. ¶¶ 17, 24-25, 28-30.)  Plaintiff also avers she complained about the excessiveness of the force by twice stating, "You're hurting me." (Id. ¶¶ 16-17.)  Because of these averments, a genuine issue of material fact exists as to whether the amount of force used by Deputy Van Grouw was necessary under the circumstances.

1          Further, Plaintiff's averments also create a genuine issue
2    of material fact on Sergeant Dorcey's liability for excessive force
3    since Plaintiff avers that Sergeant Dorcey directed Deputy Van Grouw
4    to arrest Plaintiff.  Under Plaintiff's version of what happened, the
5    reasonable inferences can be drawn that Sergeant Dorcey observed
6    Deputy Van Grouw's use of force and may have had an opportunity to
7    stop it.  Plaintiff avers that Sergeant Dorcey hollered at Deputy Van
8    Grouw to hurry up, and "[a]s soon as he said that, [Deputy Van Grouw]
9    grabbed . . . both my arms, handcuffed me, and lifted me off the
10   ground by my handcuffs with my arms behind my back."  (Smith Dep. at
11   90.)
12         Although Plaintiff's version of what occurred is
13   contradicted by the officers, all reasonable inferences that can be
14   drawn from the summary judgment record are required to be drawn in
15   favor of Plaintiff.  Therefore, the officers are denied summary
16   judgment on Plaintiff's excessive force claim.
17         The officers also assert they are entitled to qualified
18   immunity on Plaintiff's excessive force claim.  (Defs.' Mot. for Summ.
19   J. at 4.)  However, there is a genuine issue of material fact as to
20   whether a reasonable officer under the circumstances at the scene of
21   the seizure would have believed it was lawful to employ the amount of
22   force used, which has to be decided at trial.
23                               CONCLUSION
24         In conclusion, the summary judgment motion of the County of
25   ///
26   ///
27   ///
28   ///

1  San Joaquin, the Sheriff's Department, and Sheriff Dunn is granted.
2  The officers' motion is denied.
3          IT IS SO ORDERED.
4  Dated:  June 8, 2005

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge